J-S07005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: A.B., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: A.B., A MINOR | No. 999 EDA 2017 |

Appeal from the Order Entered February 21, 2017
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-0001751-2016

BEFORE: BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED MAY 07, 2018**

Appellant, A.B., a minor, appeals from the dispositional order entered after he was adjudicated delinquent of rape, indecent assault, sexual assault, terroristic threats, and involuntary deviate sexual intercourse. After careful consideration, we are compelled to vacate Appellant's dispositional order and remand for further proceedings consistent with this memorandum.

We need not set forth the facts underlying Appellant's September 10, 2016 adjudication of delinquency for purposes of this appeal. Following a dispositional hearing on February 21, 2017, Appellant was committed to a residential treatment facility. During the delinquency and dispositional proceedings, Appellant was represented by Theodore Gorka, Esq. On March 22, 2017, Attorney Gorka filed a timely notice of appeal on Appellant's behalf. Counsel also timely complied with the trial court's order to file a Pa.R.A.P.

1925(b) statement. Therein, Attorney Gorka set forth five claims, including two allegations of his own ineffective assistance.[1]

The trial court did not appoint Appellant new counsel upon receiving Attorney Gorka's Rule 1925(b) statement. Thus, Attorney Gorka is still representing Appellant on appeal, and counsel is again averring his own ineffectiveness. **See** Appellant's Brief at 10-12. In **K.A.T., Jr.**, we held that where an attorney for a juvenile is, in essence, arguing his or her own ineffectiveness on direct appeal, "we will remand for the appointment of new counsel except: (1) when it is clear from the record that counsel was ineffective, or (2) when it is clear from the record that the ineffectiveness claim is meritless." **K.A.T., Jr.**, 69 A.3d at 699. Here, after reviewing the record before us, we cannot conclude that the record is clear regarding the merit, or lack thereof, of either of the two ineffectiveness claims that Attorney Gorka presented in Appellant's Rule 1925(b) statement.

Therefore, we remand for the trial court to appoint new counsel forthwith. In light of this decision, we believe it is prudent to also vacate the dispositional order, relinquish jurisdiction to the trial court, and direct that the court allow new counsel to file a motion asserting any claim(s) of ineffective assistance by Attorney Gorka that counsel discerns from the record. If counsel

---

[1] Assertions of counsel's ineffectiveness may be addressed on direct appeal in juvenile cases. **See In re K.A.T., Jr.**, 69 A.3d 691, 697-98 (Pa. Super. 2013).

files such a motion, the trial court may conduct a hearing regarding any ineffectiveness claim(s) raised therein, develop a record regarding the issue(s), and decide, in the first instance, if a new delinquency hearing is warranted.[2]

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/18

---

[2] If the court determines that Appellant is not entitled to relief, it may re-impose his disposition, from which Appellant may then file a timely notice of appeal.